NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRE ALMOND DENNISON, | No. 15-16856 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01925-SPL |
| v. | |
| CHARLES L. RYAN, named as Charles Ryan, Director of Prison Operations at AZ Dept of Corrections; et al., | MEMORANDUM * |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Andre Almond Dennison, an Arizona state prisoner, appeals pro se from the

district court's summary judgment in his action under 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act ("RLUIPA") alleging claims

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

in connection with the prison's religious meal policy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Dennison's RLUIPA claim for injunctive relief. Dennison failed to raise a genuine dispute of material fact as to whether the vegan meal plan was not the least restrictive means to achieve a compelling governmental interest. *See id.* at 888 (quoting 42 U.S.C. § 2000cc-1(a)).

The district court properly granted summary judgment on Dennison's claim for money damages under RLUIPA. *See Sossamon v. Texas*, 563 U.S. 277, 280 (2011) (RLUIPA does not authorize money damages against state officials sued in their official capacities); *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (RLUIPA does not authorize lawsuits against government employees in an individual capacity).

The district court properly granted summary judgment on Dennison's First Amendment free exercise claim. Dennison failed to raise a genuine dispute of material fact as to whether the prison's vegan meal policy was not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (noting the four factors to be balanced in determining the reasonableness of a prison regulation).

2                                                            15-16856

The district court properly granted summary judgment on Dennison's Fourteenth Amendment equal protection claim. Dennison failed to raise a genuine dispute of material fact as to whether defendant Ryan acted with discriminatory intent in creating the vegan meal policy. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (under § 1983, plaintiff must show that officials intentionally acted in a discriminatory manner to establish an equal protection claim), *abrogated on other grounds as recognized by Shakur*, 514 F.3d at 884-85.

The district court properly dismissed Dennison's claims against defendants Canteen Correctional Services and Trinity Correctional Services. They did not participate in creating the vegan meal policy. *See Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015) (setting forth standard of review); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires personal participation by the defendant).

The district court did not clearly err by granting a protective order. Defendant Ryan demonstrated good cause that the Arizona Department of Corrections would be harmed by disclosure of propriety information produced in discovery. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063-64 (9th Cir. 2004) (setting forth standard of review and good cause standard for a protective order).

We reject as without merit Dennison's contentions that the district court improperly denied his requests for sanctions and for a telephonic discovery

conference, and that the district court should have assisted him with drafting a Fed. R. Civ. P. 56(d) motion.

**AFFIRMED.**